# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMOS PANG SANG YEE,<br><br>                            Petitioner,<br>v.<br><br>JEFF SESSIONS, JOHN F. KELLY, THOMAS HOLMAN, GLENN TRIVELINE, and ANTHONY BRUGGER,<br><br>                          Respondents. | Case No. 17-CV-1035-JPS<br><br><br><br>**ORDER** |

       This case comes before the Court on a petition for a writ of habeas corpus filed by Amos Pang Sang Yee ("Yee") pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his continued detention by federal immigration officials. (Docket #1). As an initial matter, the Court must screen Yee's petition under Rule 4 of the Rules Governing Section 2254 Proceedings, which requires the Court to examine the petition and dismiss it if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.[1]

## 1.     FACTS AND PROCEDURAL HISTORY

       Yee is a native of Singapore. He came to the United States in December 2016 seeking asylum because he allegedly experienced

---

[1] Rule 1(b) of those Rules and Civil Local Rule 9(a)(2) give this Court the authority to apply the rules to other habeas corpus cases, including the rule permitting screening of the petition.

persecution in his home country for expressing criticism of the Singaporean government.

Immigration and Customs Enforcement ("ICE") agents detained Yee upon his arrival at Chicago O'Hare International Airport on December 16, 2016. Yee applied for asylum before the United States Immigration Court in Chicago, and on March 24, 2017 an immigration judge granted Yee's asylum application. According to Yee, the immigration judge found that Yee is a "refugee" within the meaning of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and is therefore entitled to asylum. ICE appealed the decision to the Board of Immigration Appeals ("BIA"), which has not yet ruled on the appeal.

Yee remains detained at the Dodge County Detention Center in Juneau, Wisconsin. He requests that the Court order his immediate release from custody and placement on parole pending a decision by the BIA.

2. ANALYSIS

Yee contends that his detention by ICE since December 2016—now nearly one year—has exceeded a reasonable period and violates his right to due process. (Docket #1 at 6-8).

The Supreme Court has forbidden indefinite detention of aliens who are ordered removed from this country. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *see also Clark v. Martinez*, 543 U.S. 371, 378 (2005). The presumptively reasonable period of detention for purposes of effecting removal, following issuance of a final removal order, should not exceed six months. *Zadvydas*, 533 U.S. at 701.

The question for Yee is whether the Supreme Court's reasoning in *Zadvydas* and *Clark* should extend to aliens being held pending a final removal order. Of course, Yee is not subject to a final order of removal;

indeed, the point of his petition is to speed the resolution of the proceedings that will culminate in a final order and to secure his release during their pendency. While the Court harbors concern that Supreme Court precedent forecloses Yee's claim, *see, e.g., Demore v. Hyung Joon Kim*, 538 U.S. 510 (2003) (holding that *Zadvydas* does not require release of alien detained under § 1226(c) pending judicial review of a removal order), the issue of Yee's entitlement to relief in light of the procedural posture of his removal proceedings will be left for briefing by the parties.

Next, given the piecemeal nature of the Supreme Court's jurisprudence in this area—with each case focusing generally on the constitutionality of detention under a single statute section—the specific statute under which Yee is being detained may prove relevant to resolution of Yee's petition. While Yee's petition suggests that his detention arises out of 8 U.S.C. § 1226(c), *see* (Docket #1 at 6-7), it appears to the Court that his detention likely stems from 8 U.S.C. § 1225(b).

Section 1226(c) would apply to Yee's detention if, prior to being taken into custody, he was admitted into the United States and was thereafter being removed due to criminal convictions. In Yee's case, however, he alleges that he was never admitted into the United States. Rather, upon arriving in the United States at a Chicago airport, Yee states that he was immediately detained by ICE agents. Section 1225(b) appears the better fit, as it applies to "arriving aliens" and prescribes the procedure employed when an arriving alien "indicates an intention to apply for asylum" or a "fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(ii). Because arriving aliens who have never been admitted to the United States might enjoy fewer constitutional protections than admitted aliens,

*see Zadvydas*, 533 U.S. at 693, the distinction is not without a difference. Again, this question will be left to the parties to brief.

3. **CONCLUSION**

In this case, the Court cannot say that Yee's petition is plainly without merit. If the Supreme Court's reasoning in *Zadvydas* is applied to arriving aliens who are detained pending a final order of removal, meaning that an arriving alien can be detained only for a presumptively reasonable period to effect removal, then Yee's detention has exceeded the presumptively reasonable period. The Court will order a response to the petition and will set a briefing schedule. *See* Rule 4(b) of the Rules Governing Section 2254 Cases.[2]

Although Yee's claims may proceed, the Court will note one final issue regarding the named respondents. A Section 2241 habeas petition is properly lodged against "the person who has custody" over the petitioner. 28 U.S.C. § 2242; *id.* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). In "core" habeas cases—those in which the prisoner challenges his present physical confinement—this will be the warden of the prison where he is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Supreme Court instructs that in such cases, the respondent should "not [be] the Attorney General or some other remote supervisory official." *Id.*; *see also Kholyavskiy v. Achim*, 443 F.3d 946, 949 (7th Cir. 2006) ("[T]he immediate custodian [is] the individual having 'day-to-day control' over the facility in which a prisoner is housed.").

---

[2]Section 2243 sets out a specific timeline for Section 2241 petitions, but the court's prerogative over scheduling embodied in Rule 4 of the Rules Governing Section 2254 Proceedings controls. *Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994); *Kramer v. Jenkins*, 108 F.R.D. 429, 432 (N.D. Ill. 1985).

Yee's case is clearly one asserting that his present physical confinement is unlawful. While Yee names as a respondent Anthony Brugger, in his "official capacity as the Administrator of the Dodge County Detention Center," (Docket #1 at 3-4), it appears to the Court that the proper respondent is one who is not named—Dale Schmidt ("Schmidt"), the Dodge County Sherriff and the day-to-day overseer of the Dodge County Detention Center. The Court will therefore amend Yee's petition to name Schmidt.

The other named respondents will be dismissed for the present, but if Schmidt reports that there is some obstacle to granting complete relief because of a failure to name some other respondent, the Court will entertain a request to join that person.

Accordingly,

**IT IS ORDERED** that the petition be and the same is hereby **AMENDED** to include as a respondent in this action Dale Schmidt, Sheriff of Dodge County, Wisconsin;

**IT IS FURTHER ORDERED** that respondents Jeff Sessions, John F. Kelly, Thomas Holman, Glenn Triveline, and Anthony Brugger be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall effect service of the petition and this Order upon Respondent pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer

the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have 30 days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 30 days of service of Petitioner's brief, or within 45 days from the date of this order if no brief is filed by Petitioner.

    c. Petitioner may then file a reply brief, if he wishes to do so, within 10 days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have 30 days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

    b. Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge